[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought a complaint in this case for breach of contract of a lease at Apartment 6 24 East Shore Avenue in Groton, Connecticut. The plaintiff had a written lease entitling her to be a tenant from September 3, 1997 through September 2, 1998. At the beginning of the lease, Joan Oat was the owner of the real property and was the plaintiff's landlord. Plaintiff was to pay $400.00 per month rent. She remained in the premises until July 31, 1998, at which time she left. She claims that she was evicted from the property because of the treatment given to her by the defendants, Mr. and Mrs. Gallagher.
In early winter of 1997, the defendants told the plaintiff that they had purchased the property and that certain repairs would be ongoing in the future. On March 31, 1998, the plaintiff received a letter from the defendants' attorney stating that she must move out before the expiration of the lease and if she held over the rent would be increased from $400.00 to $2,500.00 per month. At the same time, the plaintiff sent a letter to the defendants dated March 31, 1998, listing various violation of the Connecticut General Statutes claiming lack of water and diminished quality of water, flooding which caused damage to a mattress and box spring, lack of electricity which increased her electric bill when it was later turned on because of a necessity to dry the apartment out and various other problems cause by the workmen sent in by the defendant to renovate the apartment.
The plaintiff also claims she was locked out of the storage area where she had customarily been storing her clothes and also locked out of the laundry room which was no longer available for CT Page 4588 her use. She finally moved out of the apartment on July 31, 1998.
As a result of all of these problems, the plaintiff claimed that she suffered a food bill in the amount of $76.51 because of loss of electricity in the refrigerator, increased electricity bill in the amount of $93.68, the cost of a new mattress $1199.94, emotional distress, and monthly rent reduction of $1,200.00. All of these matters total $4,470.13. She also claims that as a result of the violation of Connecticut General Statutes § 47a-7 because of water disruption and lack of service and electrical disruption and lack of service that she is entitled to double one month's rent in the amount of $800.00. She also asks attorney's fees and costs under CUTPA.
The defendant counters these claims of the plaintiff by saying that the use of the laundry room and storage area was for security reasons in that the door to that area led into the private part of her apartment that she was using as an office. The court does not find this a reasonable explanation and finds for the plaintiff in that regard.
The defendants also claim that they never attempted to claim the additional monthly rent in excess of $400.00 from the plaintiff and that the plaintiff never paid rent in excess of $400.00 per month.
The defendant denies the out-of-pocket losses of the plaintiff other than the amount for food, they claim that the electrical bill increase was only $30.68 and that her out-of-pocket expenses in connection with all of her claims total only $116.90. They claim that the bedding did not have to be replaced and that she is still using the bedding which was damaged. The defendant also claims that the plaintiff is not entitled to punitive damages under CUTPA in that there was no evidence of "outrageous conduct warranted invoking the punitive provisions of CUTPA," within the meaning of Nielsen v. Wisniewski, 32 Conn. App. 133, 139 (1993). Also in Gargano v. Hammond, 203 Conn. 616, 622 (1987) in which a commercial landlord shut off a tenant's electricity after the tenant failed to vacate the premises at the expiration of the lease, the Supreme Court found no error in the referee's decision not to award punitive damages.
The court finds that in the instant case, the plaintiff was occasionally inconvenienced by brief interruptions of services caused by the remodeling but does not merit an award of punitive CT Page 4589 damages. The court, therefore, finds that the plaintiff is entitled to the cost of the mattress $1,199.94, also she is entitled to the August rent of $400.00, and under § 47a-7, regarding the water and electricity disruption doubled one month's rent in the amount of $800.00. She is also entitled to the cost of the spoiled food in the amount of $76.51 an increased electrical bill of $30.68 and costs of $338.20.
The court does not find that the plaintiff is entitled to damages for emotional distress or for CUTPA in that CUTPA requires that the conduct of the defendant be outrageous and so bad as to warrant invoking punitive damages. The court does not find in this case that that is what happened. The court, therefore, awards the plaintiff damages in the amount of $2,407.13 and costs of $338.20 for a total judgment of $2,745.33.
D. Michael Hurley, Judge Trial Referee